IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| MARIO GUERRERO CORDERO,<br><br>Petitioner,<br><br>vs.<br><br>DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT and DEPARTMENT OF JUSTICE,<br><br>Respondents. | No. 25-CV-176-CJW-KEM<br><br>**MEMORANDUM OPINION AND ORDER** |

_____

Petitioner Mario Guerrero Cordero's Petition for Writ of Mandamus is before the Court. (Doc. 3). Respondents filed a motion to dismiss the petition. (Doc. 5). For the following reasons, the Court **grants** the motion to dismiss and **dismisses** petitioner's petition for writ of mandamus.

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). The writ may issue only in those exceptional circumstances amounting to a judicial usurpation of power." *Id.* at 35; *accord Will v. United States*,

389 U.S. 90, 95 (1967) ("[I]t is clear that only exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy." (internal quotation marks removed)). In addition, "[i]n order for mandamus to lie the duty owed to the plaintiff must be ministerial and a positive command so plainly prescribed as to be free from doubt." *Keeny v. Sec'y of the Army*, 437 F.2d 1151, 1152 (8th Cir. 1971).

"A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." *Castillo v. Ridge*, 445 F.3d 1057, 1060–61 (8th Cir. 2006); *see also Cheney v. U.S. Dist. Court for Dist. of Colum.*, 542 U.S. 367, 380 (2004) (listing the three conditions that must be satisfied before a court can issue a writ of mandamus). "Further, whether a writ of mandamus should issue is largely a matter within the district court's discretion." *Castillo*, 445 F.3d at 1061; *see also Kerr v. U.S. Dist. Ct. N. Dist. of Cal.*, 426 U.S. 394, 403 (1976).

"Federal courts lack the authority to issue a writ of mandamus to state courts under either the federal mandamus statute, 28 U.S.C. § 1361—which provides for the issuance of a writ of mandamus to federal officers and agencies—or, where mandamus is the only relief sought, the All Writs Act, 28 U.S.C. § 1651." *Middlebrooks v. Thirteenth Judicial Dist. Cir. Court, Union Cnty.*, 323 F.2d 485, 486 (8th Cir. 1963) (quoting *Chambersel v. Florida*, 816 F. App'x 424, 425–26 (11th Cir. 2020) (per curiam)). If an offender wishes to attack the validity of a prior state conviction or sentence, "the proper vehicle is a [state] habeas corpus action" in that state. *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993). The same is true of a challenge to the state conviction or sentence based on a Due Process Clause violation. *See* Iowa Code § 822.2 (authorizing a post-conviction

relief ("PCR") proceeding under a claim that "[t]he conviction or sentence was in violation of the Constitution of the United States or the constitution or laws of this state").

On November 14, 2012, a state court judge sentenced petitioner to life in prison with a twenty-five year consecutive sentence on his convictions for first degree murder and attempted murder. *State v. Guerrero Cordero*, FECR221465 (Dist. Ct. Polk Cnty. 2012). Thirteen years into that sentence, petitioner filed the above referenced document, captioned as a "Petition for Writ of Mandamus," in which he requests that the Court order Immigration and Customs Enforcement ("ICE") officials "to come to the Anamosa State Prison [("ASP")] and take custody of his person for removal from the United States back to Mexico, his country of origin." (Doc. 3, at 3).[1] Petitioner is not a United States citizen, and remains a citizen of Mexico. (*Id.*, at 1). Petitioner argues that because he signed voluntary deportation documents upon his arrival at ASP, the Court should allow him to voluntarily depart the United States by ordering ICE agents deport him as, according to petitioner, he has the right to be deported from the United States under federal law and not be further detained without due process. (*Id.*, at 1–2).

As support for his claim, petitioner references an executive order from President Donald Trump that directs all "ICE agents to locate and remove all criminal illegal aliens located in the United States." (*Id.*, at 1). Petitioner did not cite the executive order, but it is likely he is referencing Executive Order 14159 issued on January 20, 2025.

---

[1] The pro se document petitioner filed (Doc. 3) seems to be a form document that has recently been filed by several other litigants who are in Iowa state custody. *See, e.g.*, 25-CV-0145-LTS-KEM, 25-CV-0129-CJW-MAR. The arguments contained therein do not appear to be exclusive to Iowa. *See Hurtadodominguez v. United States*, No. 1:25-CV-00434-JLT-CDB (HC), 2025 WL 1400194, at *1 (E.D. Cal. May 14, 2025) (denying a substantially similar petition for a writ of mandamus). Elsewhere, state prisoners have tried to raise the same argument via Title 28, United States Code, Section 2241. *Antonio-Hernandez v. Calloway*, No. 1:25-CV-00759-ACA-SGC, 2025 WL 3492382, at *3 (N.D. Ala. Oct. 29, 2025), *report and recommendation adopted*, No. 1:25-CV-00759-ACA-SGC, 2025 WL 3490555 (N.D. Ala. Dec. 4, 2025) (denying the same argument but in the context of a habeas petition).

Petitioner also references a memo sent by Iowa Governor Kim Reynolds directing that all Iowa Department of Public Safety and Department of Corrections officials assist ICE and turn over any "illegal criminal alien." (*Id.*, at 2). Petitioner did not cite to this state memo either, but it is likely that he is referring to the memo issued on January 17, 2025, to Stephan Bayens, Iowa Department of Public Safety commissioner, and Beth Skinner, director of the Iowa Department of Corrections.

Petitioner's claim here fails for two reasons. First, petitioner is unable to leave the United States to voluntarily return to Mexico because of his life sentence on his state court conviction. For that reason, what petitioner is really attacking is that state court sentence. His immigration detainer will only attach once he has served his entire state court sentence. *Orellana v. Nobles Cnty.*, 230 F. Supp. 934, 943 (D. Minn. 2017) (finding that an inmate is only released to ICE once they have satisfied the release conditions on their state court sentence). The Court cannot issue a writ of mandamus to allow petitioner to challenge the validity of his state sentence as the proper venue for that challenge is an application for PCR.[2] The same is true of his claim that he is being held without due process. Thus, petitioner fails to meet the third required element for a writ of mandamus, that he has no other adequate remedy.

Second, as respondents argue, petitioner has failed to establish a clear and indisputable right to the relief sought, and thus he also fails to meet the first required element. (Doc. 5-1, at 3–4). As stated by another court:

> [p]etitioner asserts that he is entitled to relief under the Executive Order; however, that order neither grants [p]etitioner a right to relief (deportation or removal) nor imposes upon any of the [r]espondents an obligation to investigate [p]etitioner's immigration status and compel commencement of removal proceedings in the event [p]etitioner is deportable. Instead, the

---

[2] It appears that petitioner has already filed an unsuccessful PCR application in state court. *See Guerrero Cordero v. State*, No. 17-1425, 2018 WL 4360929, at *4 (Iowa Ct. App. Sept. 12, 2018) (affirming the denial of his PCR application).

4

Case 1:25-cv-00176-CJW-KEM     Document 6     Filed 01/05/26     Page 4 of 6

order merely directs [r]espondents to provide for "the efficient and expedited removal of aliens from the United States." This language implicates the quintessential discretionary functions of those executive agencies charged with investigating and enforcing the laws of the United States -- a court may not properly issue a writ of mandamus to compel the exercise of such discretionary duties. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (noting that the United States Supreme Court "has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.") (collecting cases).

*Hurtadodominguez v. United States*, No. 1:25-CV-00434-CDB (HC), 2025 WL 1150955, at *2 (E.D. Cal. Apr. 18, 2025), *report and recommendation adopted*, No. 1:25-CV-00434-JLT-CDB (HC), 2025 WL 1400194 (E.D. Cal. May 14, 2025). Petitioner relies on the same executive order as in *Hurtadodominguez*, so the analysis is the same. *See* Exec. Order 14159, § 23(c) ("This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person."). And, even if the order said what petitioner alleges it says, he does not have a right to leave the country to avoid serving his life sentence in state prison. *See Gonzalez v. U. S. Immigr. & Naturalization Servs.*, 867 F.2d 1108, 1110 (8th Cir. 1989) (finding no private right to an expeditious deportation proceeding by a state court inmate still serving his sentence and thus that a writ of mandamus was not available); *Herbage v. Carlson*, No. 92-1920, 1992 WL 323466, at *1 (8th Cir. Nov. 6, 1992) (per curiam) (summarily affirming the denial a "petition for a writ of habeas corpus seeking an immediate deportation hearing" and citing to *Herbage*). Further, as noted above, the two documents cited by petitioner—the executive order and the memo—do not create such a right. Therefore, the Court declines to exercise its discretion to

issue a writ of mandamus as it finds petitioner has failed to demonstrate the required elements and this is not an extraordinary circumstance that merits one.

For the reasons stated, the Court **grants** respondents' motion to dismiss. (Doc. 5). Petitioner's Petition for Writ of Mandamus, (Doc. 1), is **dismissed**.[3]

**IT IS SO ORDERED** this 5th day of January, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

---

[3] As noted above, petitioner's claim could be construed as a challenge to his conviction that would need to be brought in a PCR action. To the extent, then, that petitioner's claim could be construed as one for habeas relief, the Court declines to grant him a certificate of appealability. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (stating, "[a] certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief."); *see also* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).